RICHARD M. BARNETT, Esq.
Attorney at Law
#65132
105 West F Street, 4th Floor
San Diego, CA 92101
Telephone: (619) 231-1182

Attorney for Petitioner
SETH VENSKUS

FILED

08 FEB -4 PM 4:23

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: CP    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

IN RE PETITION OF SETH VENSKUS
RELEASE OF SEIZED 1999 FORD F-250
TRUCK, VIN NUMBER,
VIN 1FTNW21F3XEC70016,

SETH VENSKUS,

　　　　　　　Petitioner.

Case No. '08 CV 0216 JM LSP

PETITION OF SETH VENSKUS
FOR RELEASE OF SEIZED
VEHICLE

　　The Petitioner, SETH VENSKUS, by and through his counsel, and pursuant to Title 18, United States Code, Section 983(f)(3)(A), hereby petitions this Court for the release of his 1999 Ford F-250 Truck during the pendency of administrative and/or judicial forfeiture proceedings.

## STATEMENT OF THE CASE

　　On November 27, 2007, petitioner's vehicle was seized in connection with a marijuana cultivation investigation. On January 15, 2008, petitioner filed his Seized Asset Claim Form (see exhibit "A" attached hereto) and his administrative Hardship Petition (see Exhibit "B" attached hereto) with the Drug Enforcement Administration.  On December 4, 2007, the DEA denied Mr. Venskus's Hardship Petition (see Exhibit "C" attached hereto).  This Petition follows.

## STATEMENT OF THE LAW

　　On August 23, 2002, the Civil Asset Forfeiture Reform Act of 2000 (CAFRA) went into effect. One of the main elements of the statute provides for the what is often referred to as a Hardship Release, a provision for the release of property during the pendency of the forfeiture proceedings. The 'release'

provisions are found in Title 18, United States Code, Section 983(f), which provides as follows:

    **(f)**    **RELEASE OF SEIZED PROPERTY**

        **(1)** A claimant under subsection (a) is entitled to immediate release of seized property if -

            **(A)** the claimant has a possessory interest in the property;

            **(B)** the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of the trial;

            **(C)** the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless;

            **(D)** the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceeding; and

            **(E)** none of the conditions set forth in paragraph (8) applies.

In his petition to the DEA, Mr. Venskus met all of the above requirements. He set forth and documented he is the registered owner of the vehicle. [18 U.S.C. § 981(f)(1)(A)] (See Exhibit "B"). He further established his community ties by explaining he is a United States citizen and has been a resident of San Diego, California for over 20 years. [18 U.S.C. § 981(f)(1)(B)]. He also explained the continued possession by the government pending final disposition of forfeiture proceedings will cause substantial hardship to him for the following reasons. At the time he filed his administrative petition, he was employed in the construction industry and worked for JHR Construction. He is required to take his tools to the job sites he works on as well as pick up materials. He obviously cannot rely on public transportation in connection with his work duties. He has no other vehicle available to him other than the one day a week his wife doesn't need their other vehicle to go to her job., and thus has been able to work only six (6) days in the last month. The lack of his work vehicle is causing a substantial financial hardship to his family.[18 U.S.C. § 981(f)(1)(C)]. Finally, he demonstrated that likely hardship from the continued possession by the Government of the vehicle outweighs the risk the vehicle will be destroyed, damaged, lost or transferred if it is returned to him during the pendency of the proceedings. Insurance has always been maintained on the vehicle and will continue to be maintained should the vehicle be released. (See Exhibit "B" attached) . [18 U.S.C. § 981(f)(1)(D)]. Nevertheless, the DEA

denied his Petition, claiming that (1) Mr. Venskus could rent a vehicle; (2) the vehicle was used to facilitate the cultivation of the marijuana and possibly was purchased or maintained with the proceeds of said operation and (3) he admitted he had grown marijuana during a two year period and that he was presently unemployed.

As to the DEA's first claim, that petitioner can go "rent/lease" a vehicle, the agency fails to provide any explanation as to how he's supposed to do so when he has no income. There are few if any leasing agencies that are in the habit of entering into leases for vehicles when the lessee has no income. Furthermore, the agency fails to explain what Mr. Venskus is supposed to do with his "leased" vehicle when and if he recovers the seized vehicle in this case. As to the agency's second argument, that the vehicle may not be available at the end of the case, petitioner would note the following. First, the agency has provided no evidence the vehicle was purchased or maintained with drug proceeds. Second, as set forth in his administrative petition, petitioner has insurance on the vehicle and thus the government's interests are fully protected.

In spite of Mr. Venskus's clearly demonstrated hardship arising from the seizure of the vehicle, the DEA has failed to return the release the vehicle. Congress has provided a remedy for such inaction. Title 18, United States Code, Section 983(f)(3)(A) provides:

> If not later than 15 days after the date of a request under paragraph (2) the property has not been released, the claimant may file a petition in the district court in which the complaint has been filed or, if no complaint has been filed, in the district court in which the seizure warrant was issued or in the district court for the district in which the property was seized.

18 U.S.C. Section 983(f)(5) further provides:

> The court shall render a decision on a petition filed under paragraph (3) not later than 30 days after the date of the filing, unless such 30-day limitation is extended by consent of the parties or by the court for good cause shown.

18 U.S.C. Section (f)(6) goes on to require the following:

> If -
>
>   (A) a petition is filed under paragraph (3); and
>
>   (B) the claimant demonstrates that the requirements of paragraph (1) have been met, the district court <u>shall</u> order that the property be returned to the claimant, pending completion of proceedings by the Government to obtain forfeiture of the property. (emphasis added).

Mr. Venskus has met all of the above requirements. He has filed the petition under 18 U.S.C.

Sections 983(f)(1) and (2), he had demonstrated that the requirements of paragraph (f)(1) have been met. Under these circumstances the statute calls for the court ordered release of the vehicle to him during the pendency of the forfeiture proceedings.[1]

If the court grants this petition, the court may enter any order necessary to ensure that the value of the property is maintained while the forfeiture action is pending, including (1) permitting the inspection, photographing, and inventory of the property; (2) fixing a bond in accordance with Rule E(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims; and (3) requiring the claimant to obtain or maintain insurance on the subject property. While it is petitioner's contention no bond is necessary in this case, he has no objection to permitting the inspection, photographing and inventory of the vehicle, nor requiring him to continue maintain insurance on the vehicle.

## CONCLUSION

Mr. Venskus needs his vehicle so he can use his vehicle in his occupation as a construction worker. The DEA's response to his administrative petition flies in the face of the intention of the statute which was to provide redress for those with hardships. He has clearly demonstrated a need for the return of the vehicle.

For the foregoing reasons, it is respectfully submitted this court should order the release of Mr. Venskus's vehicle to him during the pendency of administrative and/or judicial forfeiture proceedings.

Dated: February 4, 2008

Respectfully submitted,

RICHARD M. BARNETT

Attorney for Petitioner
SETH VENSKUS

---

[1] It should be noted within the last week, the Honorable John A. Houston granted another Hardship Petition, rejecting many of the same 'stock' arguments relied on by the DEA in this case. (See Exhibit "D" attached hereto.)

## PROOF OF SERVICE

I, RICHARD M. BARNETT, do hereby state:

That I am a citizen of the United States, over the age of eighteen years, and not a party to the within action.

That my business address is 105 West F Street, 4th Floor, San Diego, California.

That on February 5, 2008, I deposited in the United States Mail, in San Diego, California, in the above-entitled action, in an envelope bearing the requisite postage: Petition of Seth Venskus for Release of Seized Vehicle to the office of the following individuals:

Mary Lundberg
Assistant U.S. Attorney
Office of the U.S. Attorney
880 Front Street
San Diego, CA 92188

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 5th day of February 2008, at San Diego, California.

RICHARD M. BARNETT

# EXHIBIT "A"

Case 3:08-cv-00216-JM-POR   Document 1   Filed 02/04/2008   Page 6 of 19



# SEIZED ASSET CLAIM FORM

Asset ID No. 08-DEA-492860

**I hereby request that the Government file a Complaint for Judicial Forfeiture of the seized property described below. I have filled in all three parts, as required.**

PART I

List all the items in which you claim an interest. Include sufficient information to identify the items, such as serial numbers, make and model numbers, tail numbers, photographs, and so forth. Attach additional sheets of paper if more space is needed.

One 1999 Ford F250 Truck, VIN 1FTNW21F3XEC70016

PART II

State your interest in each item of property listed above. Provide any documents that support your claim of interest, such as titles, registrations, bills of sale, receipts, and so forth. Attach additional sheets of paper if more space is needed.

I am an owner of the seized vehicle.

PART III (ATTESTATION AND OATH)

I attest and declare *under penalty of perjury* that the information provided in support of my claim is true and correct to the best of my knowledge and belief.

SETH VENSKUS
Name (Print)

_____
Signature

December 31, 2007
Date

*A FALSE STATEMENT OR CLAIM MAY SUBJECT A PERSON TO PROSECUTION UNDER 18 U.S.C. 1001 AND/OR 1621 AND IS PUNISHABLE BY A FINE AND UP TO FIVE YEARS IMPRISONMENT.*

# EXHIBIT "B"

## HARDSHIP PETITION
### [18 U.S.C. Section 983(f)(1)]

Seizure No:  08-DEA-492860

I, Seth Venskus, am the registered and legal owner of the seized 2999 Ford F250 truck.

I petition for the release of my truck pursuant to Title 18, United States Code, Section 983(f)(1) based on the following facts:

    (A)    I am the registered owner of the vehicle.

    (B)    I have sufficient ties to the community to provide assurance that the vehicle will be available at the time of trial. I am a United States citizen and have been a resident of San Diego County for over 20 years.

    (c)    The continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to me for the following reasons. I am employed in the construction industry and work for JHR Construction. I am required to take my tools to the job sites I work on as well as pick up materials. I obviously cannot rely on public transportation in connection with my work duties. I have no other vehicle available to me other than the one day a week my wife doesn't need our other vehicle to go to her job., and thus have been able to work only six (6) days in the last month. The lack of my work vehicle is causing a substantial financial hardship to my family.

    (D)    The likely hardship from the continued possession by the Government of the vehicle outweighs the risk the vehicle will be destroyed, damaged, lost or transferred if it is returned to me during the pendency of the proceedings. Insurance has always been maintained on the vehicle and will continue to be maintained should the vehicle be released.

Dated:  <u>December 31, 2007</u>

                                                            */s/ Seth Venksus*
                                                            SETH VENKSUS

# EXHIBIT "C"



**U. S. Department of Justice**
Drug Enforcement Administration

---

www.dea.gov

JAN 31 2008

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

Richard M. Barnett
Attorney at Law
105 West F Street, 4th Floor
San Diego, CA 92101

RE: DEA Case No.:        R2-07-0398
    DEA Asset I.D. No.:  08-DEA-492860
    Property:            1999 Ford F-250 Truck
                         (VIN: 1FTNW21F3XEC70016)

    Client/Petitioner:   Seth Venskus

Dear Mr. Barnett:

     The Drug Enforcement Administration, Asset Forfeiture Section, is in receipt of your client's petition, dated December 31, 2007, for the release of the above-referenced seized vehicle pursuant to Title 18, United States Code (U.S.C.), Section 983(f).

     Pursuant to Title 18, U.S.C., § 983(f), a claimant is only entitled to immediate release of seized property if it has been established that <u>all</u> of the conditions set forth in Title 18, U.S.C., Section 983(f)(1)(A)-(E) have been met. A review of the case file and your client's petition reveals that he has failed to meet the requirements for being granted an immediate release of the property. Specifically, he failed to demonstrate the substantial hardship that will result if the vehicle is not returned pending the conclusion of the judicial action. Not only does your client admit in his submission to having access to another vehicle, his assertion of hardship fails to consider that other alternative modes of transportation (e.g. rental/lease) are readily available for use. In addition, evidence exists showing that the referenced vehicle was not only used to facilitate your client's extensive marijuana grow/trafficking operation, but was purchased and/or maintained with the proceeds of said operation. Finally, at the time of the seizure of this asset, your client stated that he had been selling marijuana, that he had grown, for at least the last two years and that he was unemployed. Therefore, the risk of the vehicle being destroyed, damaged, lost, concealed, or transferred if returned to your client during the pendency of the forfeiture proceeding outweighs any hardship cited by him.

492860                                                                    Page 2


      For the above reasons, then, your client's petition for the release of the vehicle pursuant to Title 18, U.S.C., § 983(f) is denied. This decision is final and no further petitions for immediate release will be considered. Your client's claim for the vehicle will be addressed under separate cover.

                                                   Sincerely,

                                                   *[signature]* 1/31/08

                                                   John J. Cipriani
                                                 Senior Attorney
                                                 Asset Forfeiture Section

# EXHIBIT "D"

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PETITION OF ELISEO JIMENEZ RELEASE OF SEIZED 2007 CHEVROLET AVALANCHE TRUCK, VIN NUMBER 3GNEC12J17G138443<br><br>ELISEO JIMENEZ,<br>            Petitioner. | Civil No. 07CV2375 JAH(AJB)<br><br>ORDER GRANTING PETITION FOR RELEASE OF SEIZED VEHICLE |

On December 19, 2007, petitioner Eliseo Jimenez ("petitioner") commenced this action seeking release of his seized vehicle pursuant to 18 U.S.C. § 983(f)(3)(A). The United States filed its response and opposition to the petition on January 18, 2008.[1] For the following reasons, the Court **GRANTS** the instant petition and **ORDERS** that the subject vehicle be released to petitioner immediately.

## BACKGROUND

Petitioner's vehicle, a 2007 Chevrolet Avalanche Truck, was seized by law enforcement officers on August 23, 2007, in connection with a marijuana trafficking investigation. Petitioner subsequently filed a claim seeking recovery of the vehicle on October 15, 2007, in which petitioner requested the government file a complaint for judicial forfeiture and, on November 22, 2007, petitioner filed a hardship petition with

---

[1] Although petitioner was directed to file a reply by February 1, 2008, this Court deems the filing unnecessary and issues its order in petitioner's favor prior to its receipt.

the Drug Enforcement Administration ("DEA"), which was denied on December 4, 2007. The instant petition followed.

## DISCUSSION

1. **Legal Standard**

The Civil Asset Forfeiture Act of 2000 ("CAFRA") contains a provision for release of seized assets during the pendency of judicial forfeiture proceedings based on a showing of hardship. *See* 18 U.S.C. § 983(f). Section 983(f)(1) provides that a claimant is entitled to immediate release of seized property if: –

> (A) the claimant has a possessory interest in the property;
> (B) the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of trial;
> (C) the continued possession of the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless;
> (D) the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceeding; and
> (E) none of the conditions set forth in paragraph (8) applies.

18 U.S.C. § 983(f)(1). If the claimant meets the requirements of Section 983(f)(1), the court "shall order that the property be returned to the claimant, pending completion of proceedings by the Government to obtain forfeiture of the property." 18 U.S.C. § 983(f)(6). Upon granting a petition pursuant Section 983(f)(1),

> (A) the court may enter any order necessary to ensure that the value of the property is maintained while the forfeiture action is pending, including –
> (i) permitting the inspection, photographing, and inventory of the property;
> (ii) fixing a bond in accordance with rule E(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims; and
> (iii) requiring the claimant the obtain and maintain insurance on the subject property; and
> (B) the Government may place a lien against the property or file a lis pendens to ensure that the property is not transferred to another person.

18 U.S.C. § 983(f)(7).

//

//

2.  **Analysis**

Petitioner contends he meets all of Section 983(f)(1)'s requirements. *See* Pet. at 2. Specifically, petitioner states he is the registered owner of the vehicle thereby establishing a possessory interest in it. Petitioner further states that he is a United States citizen and a resident of San Diego, California since birth demonstrating he has sufficient ties to community. Id. Petitioner claims hardship because he lives in "the outskirts of Fallbrook" which makes it "impracticable for him to rely on public transportation," is unemployed and needs his vehicle to travel to job interviews as well as for the ordinary necessities of life, such as for grocery shopping and doctor's appointments. Id. Petitioner contends the hardship to him significantly outweighs the risk of destruction, loss, damage, concealment or transfer of the vehicle, considering that insurance has been, and will continue to be maintained on the vehicle. Id. at 2-3. Thus, petitioner contends all of Section 983(f)(1)'s requirements are met thereby necessitating a court order for release of the vehicle. Id. at 3-4.

The government disagrees that petitioner has met all requirements for release of the vehicle and attempts to paint a different picture of petitioner and the circumstances surrounding the seizure of the subject vehicle. However, the government has presented no evidentiary support, such as declarations or documents attesting to the facts presented by counsel for the government, to contradict petitioner's claims. This Court finds the government's arguments lack support in the record and, thus, must be disregarded. Based on the representations attested to by petitioner in his petition and exhibits thereto, this Court finds that petitioner has met the requirements for immediate release of his seized vehicle.

Section 983(f)(7) allows this Court to issue any order it deems appropriate to ensure the value of the vehicle is maintained pending judicial forfeiture proceedings. *See* 18 U.S.C. § 983(f)(7). Petitioner does not object to an order permitting the inspection, photographing and inventory of the vehicle, nor an order requiring him to continue to maintain insurance on the vehicle as suggested in the statute, petitioner contends that the

posting of a bond is not necessary in this case. Pet. at 4. This Court, however, finds that the posting of a bond will ensure that the value of the vehicle will be maintained until completion of judicial forfeiture proceedings.

### CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The instant petition for release of seized vehicle is **GRANTED**;
2. The 2007 Chevrolet Avalanche Truck, VIN Number 3GNEC12J17G138443, shall immediately be **RELEASED** to petitioner pending the completion of judicial forfeiture proceedings against the subject vehicle subject to the following conditions:
   A. The government is permitted to inspect, photograph and inventory the subject vehicle no more than two times per month as it deems appropriate;
   B. Petitioner shall continue to maintain adequate insurance on the subject vehicle to ensure the value of the vehicle;
   C. Petitioner shall post a bond in the amount of 10% of the value of the vehicle or $3,000, whichever is less; and
   D. The government is permitted to place a lien on title for the vehicle.

Dated:     January 28, 2008

JOHN A. HOUSTON
United States District Judge

```
            UNITED STATES
            DISTRICT COURT
        SOUTHERN DISTRICT OF CALIFORNIA
             SAN DIEGO DIVISION

          # 147218    - BH
          * * C O P Y * *
           February 04, 2008
                16:25:05


           Civ Fil Non-Pris
    USAO #.: 08CV0216 CIVIL FILING
    Judge..: JEFFREY T MILLER
    Amount.:              $350.00 CK
    Check#.: BC# 241



         Total-> $350.00


    FROM: VENSKUS V. USA
          CIVIL FILING
```

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

SETH VENSKUS

**DEFENDANTS**

UNITED STATES OF AMERICA

*[FILED stamp: 08 FEB -4 PM 4:27 CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY: ___ DEPUTY]*

*[Case number stamp: 08 CV 0216 JM LSP]*

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Richard M. Barnett, APLC
105 West F Street, 4th Floor
San Diego, CA 92101
(619) 231-1182

**ATTORNEYS (IF KNOWN)**

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ■ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

Petition for Release of Seized Vehicle (18 U.S.C. Section 983(f))

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ■ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

■ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appelate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

**DEMAND $**

Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ■ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):  JUDGE ___  Docket Number ___

DATE 2-5-08    SIGNATURE OF ATTORNEY OF RECORD [signature]

PAID $350 2/4/08 BH RCPT# M7218

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)