1 │ KAREN P. HEWITT
   │ United States Attorney
2 │ DAVID M. McNEES
   │ Special Assistant U.S. Attorney
3 │ California State Bar No. 216612
   │ Federal Office Building
4 │ 880 Front Street, Room 6293
   │ San Diego, California 92101-8893
5 │ Telephone: (619) 557-5979
   │ E-mail: david.mcnees@usdoj.gov
6 │
   │ Attorneys for Plaintiff
7 │ United States of America

8 │ UNITED STATES DISTRICT COURT

9 │ SOUTHERN DISTRICT OF CALIFORNIA

10 │ IN RE PETITION OF SETH VENSKUS          )    Civil No. 08cv0216-JM(POR)
    │ FOR RELEASE OF SEIZED 1999 FORD F-250  )
11 │ TRUCK, VIN NUMBER,                      )    JOINT MOTION FOR
    │ 1FTNW21F3XEC70016,                      )    HARDSHIP RELEASE
12 │ ─────────────────────────────────────  )    AGREEMENT (VEHICLE)
    │                                         )
13 │ SETH VENSKUS,                           )
    │                  Petitioner.           )
14 │ ─────────────────────────────────────  )

15        On November 27, 2007, agents of the Drug Enforcement Administration ("DEA") seized

16 One 1999 Ford F-250, VIN 1FTNW21F3XEC70016 ("subject vehicle") in connection with a

17 marijuana cultivation investigation.

18        On February 4, 2008, petitioner Seth Venskus filed a petition with this Court, pursuant to

19 18 U.S.C. § 983(f)(3)(A), seeking the release of the subject vehicle on the basis that the

20 government's retention of the subject vehicle pending the initiation and completion of civil

21 forfeiture proceedings would result in a substantial hardship to petitioner.

22        Petitioner hereby certifies that the subject vehicle does not contain any hidden

23 compartments and in no way is designed for illegal use.

24        The United States does not, by entering into this agreement, acknowledge or agree the

25 claim filed in this action is valid.

26        The United States and petitioner Seth Venskus, and his authorized counsel, Richard M.

27 Barnett, have agreed to the return of the subject vehicle to petitioner pending the initiation and

28 //

completion of civil forfeiture proceedings against the subject vehicle in accord with the following terms.

TERMS OF RELEASE

NOW THEREFORE, it is agreed by and between the undersigned parties as follows:

1.    The subject vehicle shall be released to petitioner Seth Venskus pending the initiation and final disposition of a civil forfeiture complaint against the subject vehicle.

2.    Upon release of the subject vehicle, pending final disposition of forfeiture proceedings against the subject vehicle, petitioner agrees to maintain the subject vehicle so as to preserve it in at least the same condition as when the subject vehicle was seized. Petitioner agrees to make, at his expense, all repairs and undertake all maintenance necessary to assure compliance with this paragraph.

3.    Petitioner shall comply with all licensing and inspection requirements of the State of California, including timely paying all personal property taxes and licensing fees.

4.    Petitioner agrees to maintain insurance coverage on the subject vehicle acceptable to the United States to insure the subject vehicle against loss.  This coverage shall include comprehensive and collision coverage with a deductible in the event of loss not to exceed $100. Alternatively, petitioner may furnish a cost bond in the amount by which his deductible exceeds $100.

5.    Petitioner shall within fourteen (14) days of the date of the order approving this agreement, provide proof to the United States Attorney's office that the United States of America is an additional insured party and the loss/payee of the policy insuring the subject vehicle.

6.    Petitioner will not transfer title to the subject vehicle under any circumstances without the authorization of the court. Petitioner will not encumber the subject vehicle in any manner, nor grant any interest in it to any party.

7.    Petitioner shall permit a representative of the Drug Enforcement Administration to conduct reasonable inspections of the subject vehicle upon request.

//

//

1    8.    Petitioner agrees not to make any alterations to the subject vehicle, including

2    removal or replacement of components, other than as required by paragraph 2, without the express

3    written approval of a representative of the United States Attorney's Office.

4    9.    Petitioner agrees to report any accident involving the subject vehicle to the

5    United States Attorney's office within three days of the occurrence. Petitioner shall provide a copy

6    of any accident report filed concerning the subject vehicle, including a copy of any police report.

7    10.    Petitioner agrees that he will not permit the use of the subject vehicle for any

8    purpose which violates any local or county ordinance, or state or federal statute.

9    11.    Petitioner shall not subject the vehicle to any unusual wear and tear which would

10   diminish the value of the subject vehicle. This includes, but is not limited to, hauling of any

11   materials, cargo or passengers at weights which exceed manufacturer's specifications.

12   12.    Petitioner agrees to make all payments on all existing liens in a timely manner

13   during the pendency of the forfeiture. Petitioner shall provide documented proof of such payments

14   upon request.

15   13.    Petitioner shall not remove the subject vehicle from the United States without the

16   express written consent of the United States Attorney's Office.

17   14.    The parties agree that, by execution of this agreement to release property, petitioner

18   has not substantially prevailed in this litigation.

19   15.    The parties will each bear their own costs and their own attorney's fees in this

20   matter.

21   16.    All persons signing this agreement have read and understand each and every

22   provision herein. This agreement is entered into freely and voluntarily. By signing this agreement

23   the parties merely intend to provide for the release of the subject vehicle pending initiation and

24   completion of the civil forfeiture proceedings against the subject vehicle. Each person signing

25   //

26   //

27   //

28

3                          08cv0216

1 | this agreement is fully authorized to do so, whether on his or her own behalf or as representative

2 | for or on behalf of any other party or petitioner herein.

3 | DATED: 3-12-08

4 | KAREN P. HEWITT
   | United States Attorney

5 |

6 |

7 | DAVID M. McNEES
   | Special Assistant U.S. Attorney

8 |

9 | DATED: 3/12/08

   | SETH VENSKUS
10 | Petitioner

11 |

12 | DATED: 3-12-08

   | RICHARD M. BARNETT
13 | Attorney for Petitioner

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |